DA 13-0796

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 220N

IN THE MATTER OF:

M.S. and J.S.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DN 12-08
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant Mother:

        Anne-Marie K. Simeon, Attorney at Law; Billings, Montana

        For Appellant Father:

        Elizabeth Cunningham Thomas, Attorney at Law; Missoula, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

        Ben Krakowka, Deer Lodge County Attorney; Anaconda, Montana

Submitted on Briefs: June 25, 2014
Decided: August 12, 2014

Filed:

_____
                  Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      This appeal is the companion of Mont. Sup. Ct. No. DA 13-0795, *In re J.N.*, 2014 MT 219N.  Both appeals arise from the same August 2013 parental rights termination hearing before the District Court in Deer Lodge County.  The three children (Children) in both matters share the same biological mother (Mother), while M.S. and J.S., the subjects of this appeal, have a different biological father than J.N.

¶3      Mother appeals the District Court's decision to terminate her parental rights to M.S. and J.S., claiming that the District Court abused its discretion by concluding that the circumstances surrounding Mother's prior parental rights termination in Texas in 1998 were relevant to the present matter.  The biological father of M.S. and J.S. (Father) also appeals, claiming that the District Court abused its discretion in deciding a treatment plan for him was not required and in concluding that the conditions rendering him unfit to parent are unlikely to change in a reasonable time.  We affirm.

¶4      M.S. was born in 2011 and J.S. was born in 2008.  Father has been in federal prison in Fort Worth, Texas, since May 2012.  In August 2012, the Department of Public Health and Human Services, Division of Family Services (DPHHS), removed the Children from Mother's care following reports that the Children were sexually abused by Mother's friend

2

and that Mother knowingly took the Children to the home of a registered sex offender for a birthday party. DPHHS placed the Children in foster care and petitioned the District Court for Emergency Protective Services, Adjudication of the Children as Youths in Need of Care, Temporary Investigative Authority, and Temporary Legal Custody of the Children.

¶5 The District Court adjudicated the Children as youths in need of care, granting DPHHS temporary legal custody in December 2012, and approved a treatment plan for Mother in January 2013. Mother failed to complete the treatment plan. Pursuant to § 41-3-609(4)(c), MCA, the District Court determined that a treatment plan was not required for Father. In May 2013, DPHHS filed petitions for termination of both Mother's and Father's parental rights under § 41-3-609(1)(f), MCA.[1]

¶6 In August 2013, DPHHS filed a motion seeking judicial notice of facts related to the prior termination of Mother's parental rights to three other children in Texas in 1998. The same day, Mother filed a Motion in Limine requesting that the Court exclude any evidence and witnesses relating to the Texas termination, contending that the circumstances of that case were irrelevant to the present termination and would be unduly prejudicial, as the Texas termination was over fifteen years earlier. The District Court denied Mother's motion, reasoning that evidence relating to the Texas termination was relevant to her ability to adequately care for the Children in the present matter, and entered its Findings of Fact, Conclusions of Law, and Order terminating Mother's parental rights to the Children on

---

[1] DPHHS subsequently filed an amended Petition with an alternate theory under § 41-3-609(1)(d), MCA. At the August 16, 2013 termination hearing, however, DPHHS withdrew the amended

3

October 30, 2013.

¶7     DPHHS also sought judicial notice of the judgment in Father's 1982 deliberate homicide conviction, this Court's Opinion in Father's appeal of his 2008 conviction for felony sexual intercourse without consent,[2] and the judgment and sentence in Father's 2012 conviction as a felon in possession of firearms.

¶8     We review a district court's decision to terminate parental rights for an abuse of discretion. *In re D.S.B.*, 2013 MT 112, ¶ 8, 370 Mont. 37, 300 P.3d 702. The district court abuses its discretion when it "acts arbitrarily, without employment of conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice." *In re E.Z.C.*, 2013 MT 123, ¶ 19, 370 Mont. 116, 300 P.3d 1174. We presume the district court is correct and will not disturb its decision unless "there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion." *In re D.B.*, 2012 MT 231, ¶ 17, 366 Mont. 392, 288 P.3d 160.

¶9     A court may terminate parental rights upon a finding of clear and convincing evidence that the child has been adjudicated a youth in need of care, the parent has not complied with an approved treatment plan, and the condition or conduct rendering the parent unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. A treatment plan is not required if the court finds that the parent will be incarcerated for more than one year and reunification with the parent is not in the child's best interests. Section 41-3-

Petition, opting to proceed only on the original theory under § 41-3-609(1)(f), MCA.
[2] In that case we reversed the District Court and remanded for a new trial.

4

609(4)(c), MCA.

¶10    Mother does not dispute that M.S. and J.S. were adjudicated youths in need of care, or that she has not complied with the approved treatment plan.  Her sole argument is that evidence relating to the Texas termination was not relevant to the present termination, and therefore the District Court abused its discretion by admitting such evidence and by terminating her parental rights.

¶11    Father does not dispute that M.S. and J.S. were adjudicated youths in need of care. He argues, however, that the District Court erred in terminating his parental rights because DPHHS failed to prove each element of § 41-3-609(4)(c), MCA, to establish that a treatment plan was not required, and failed to prove that the condition rendering Father unfit to parent was unlikely to change within a reasonable time.

¶12    "When addressing whether a parent's conduct is unlikely to change in a reasonable time, the court must assess the past and present conduct of the parent." *In re Matter of E.K.*, 2001 MT 279, ¶ 47, 307 Mont. 328, 37 P.3d 690.  Section 41-3-609(2), MCA, which guides the determination of whether a parent's conduct is likely to change within a reasonable time, instructs courts to look into a parent's past by considering factors such as the duration of mental illness or a history of violent behavior.  A parent's present incarceration is also a factor.

¶13    As to Mother, the District Court heard testimony from doctors and therapists who described Mother's cognitive difficulties, poor judgment, and post-traumatic stress disorder. The court also heard the testimony of caseworkers—including the caseworker from the

5

Texas termination—each of whom described Mother's deficient parenting skills. The court concluded that the circumstances surrounding the Texas termination were relevant because Mother continued to display the same cognitive difficulties and deficient parenting skills as she had in Texas fifteen years ago. The Texas termination, therefore, provided an historical context that informed the court's consideration of whether Mother's conduct was likely to change in a reasonable time, which the court concluded was unlikely. This conclusion is certainly within the bounds of reason, and therefore the District Court did not abuse its discretion in considering evidence from the Texas termination and terminating Mother's parental rights to M.S. and J.S.

¶14 As to Father, the District Court took judicial notice of his May 2012 sentence of 46 months in Federal Prison and of a separate document from the Federal Bureau of Prisons indicating a release date of September 29, 2015. The District Court did not abuse its discretion in considering these facts, along with Father's violent history, in concluding that Father's conduct and condition rendering him unfit to parent is unlikely to change in a reasonable time.

¶15 The District Court also took judicial notice of Father's present incarceration and his release date which is more than one year in the future. The District Court also heard testimony that M.S. and J.S. do not know their father and reunification would be disruptive. This is sufficient evidence to determine that a treatment plan is not required for Father under § 41-3-609(4)(c), MCA. Because no treatment plan was required and Father's conduct and condition rendering him unfit to parent were unlikely to change in a reasonable time, the

6

District Court did not abuse its discretion by terminating Father's parental rights to M.S. and J.S.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶17    Affirmed.

/S/ JAMES JEREMIAH SHEA

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT